UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMBER PARKER, on behalf of her minor daughters J.L.P. and H.K.P., ) ) ) Plaintiffs, ) ) vs. ) ) INDIANA HIGH SCHOOL ATHLETIC ) ASSOCIATION, et al., ) ) Defendants. ) | Cause No. 1:09-cv-885-WTL-JMS |

### ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the School Defendants'[1] Motion to Dismiss (Docket No. 10) and the Indiana High School Athletic Association's ("IHSAA") Motion to Dismiss (Docket No. 18). The motions are fully briefed and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the School Defendants' Motion to Dismiss and **GRANTS IN PART AND DENIES IN PART** the IHSAA's Motion to Dismiss for the reasons set forth below.

### I. RULE 12(b)(6) STANDARD

In reviewing a Motion to Dismiss under Rule 12(b)(6), the Court must take the facts

---

[1] The School Defendants are: Franklin County Community School Corporation, South Dearborn Community School Corporation, Decatur County Community Schools, Switzerland County School Corporation, Fayette County School Corporation, Lawrenceburg School Community Corporation, Greensburg Community Schools Corporation, Sunman-Dearborn Community School Corporation, Richmond Community Schools Corporation, Batesville Community School Corporation, Jennings County School Corporation, Rush County Schools Corporation, Union County School Corporation d/b/a Union County College Corner Joint School District, and Munice Community Schools Corporation.

alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiffs. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

## II.  BACKGROUND

Amber Parker coached the Franklin County High School ("FCHS") girls' basketball team from 2007-09.  Parker's sixteen year old daughter J.L.P. currently plays on the FCHS team. Parker's younger daughter, ten year old H.K.P., intends to play basketball for FCHS when she enters high school in several years.  Parker brings this suit on behalf of her daughters, alleging that the School Defendants and the IHSAA violated Title IX of the Education Amendments of 1972 and the Fourteenth Amendment of the United States Constitution by scheduling girls' basketball games on non-preferred dates and times.  Parker claims that the Defendants assigned boys' basketball teams to play on Friday and Saturday evenings more frequently than the Defendants assigned girls' basketball teams to play at those preferred times.  The IHSAA, which regulates and supervises interscholastic athletic competitions amongst its member schools, became aware of this discriminatory scheduling practice in 1997 but it did nothing to ameliorate the situation.

## III.  DISCUSSION

As an initial matter, both the IHSAA and the School Defendants take issue with Parker's

Complaint, which was brought "on behalf of two of her minor daughters . . . and all of those similarly situated." (Compl. at 1). The Defendants characterize this language as "some kind of misplaced attempt to maintain a class action." (School Defs.' Br. at 4).

Class actions are governed by Federal Rule of Civil Procedure 23 and Local Rule 23.1. Local Rule 23.1(a) requires that

> In any case sought to be maintained as a class action, the complaint shall bear next to its caption the legend "Complaint – Class Action." The complaint shall also contain a reference to the portion or portions of Rule 23, Fed. R. Civ. P., under which it is claimed that the suit is properly maintained as a class action.

Local Rule 23.1(a). Parker's Complaint does not comply with either requirement. Although she never responds to the School Defendants' arguments regarding the "similarly situated" language, in Parker's Response to the IHSAA's Motion to Dismiss, she admits, "Plaintiffs do not seek to bring a class action, and concede that any part of their claim brought on behalf of those similarly situated may be striken." (Resp. at 17). Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to any claims that Parker purported to bring as a class action.

    A.    **Standing.**

Defendants claim that one of the Plaintiffs, H.K.P., must be dismissed because she lacks standing to bring a suit based upon discrimination against female high school basketball players.[2] Standing is a central requirement of justiciability. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In *Lujan*, the Court set out a three-part test to determine whether a plaintiff has standing to litigate a cause of action.

---

[2] Plaintiff correctly notes that an argument in favor of dismissal for lack of standing is properly brought under Federal Rule of Civil Procedure 12(b)(1). The Defendants filed their motions to dismiss under Rule 12(b)(6). Thus, the Court construes the standing argument as brought under Rule 12(b)(1), while the remaining arguments are brought under Rule 12(b)(6).

> First, the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560 (footnote, citations, and internal punctuation omitted). The Supreme Court emphasized that the "party invoking federal jurisdiction bears the burden of establishing these elements" and "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Id.* at 561 (citations omitted). This means that at "the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice." *Id.*

In the instant case, the parties do not address the second or third elements of the standing analysis. Instead, the Defendants assert that H.K.P. does not even satisfy the first, "injury in fact," requirement. The injury in fact "'test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured.'" *Id.* at 563 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35 (1972)). Additionally, as *Lujan* clearly stated, the injury in fact requirement has two components – the injury must be "concrete and particularized" and it must be "actual or imminent." With respect to the concrete and particularized portion, the *Lujan* Court clarified that "particularized" means that "the injury must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. As for the actual and imminent requirement, "plaintiffs must also show an injury that is . . . not 'conjectural' or 'hypothetical.'" *McCormick* ex rel. *McCormick v. School Dist. of Mamaroneck*, 370 F.3d 275, 284 (2d Cir. 2004) (citation omitted).

In *McCormick*, the Second Circuit determined that a group of female soccer players had standing to litigate a Title IX suit against their respective high schools. The court emphasized that the players "faced imminent injury due to the School Districts' decision to deny the girls' soccer team the chance to play in the fall of 2002." *Id*. at 284-85. "The risk of injury was not conjectural or hypothetical – [the plaintiffs] wanted to play soccer in the fall . . . but the schools would not offer soccer in the fall." *Id.* at 285.

The present litigation is distinguishable from *McCormick*. Any injury that H.K.P. faces is neither concrete and particularized nor actual and imminent. At ten years old, H.K.P. is not presently eligible to play for the FCHS girls' basketball team. H.K.P.'s affidavit avers that she plans "to enroll in and attend Franklin County High School in the academic year of 2013-2014," and that she intends "to try out for and play for the Franklin County High School girls' basketball team in the academic year of 2013-2014, and beyond." (H.K.P. Aff. ¶¶ 3-4). These intentions to engage in future action do not confer standing. Much could change between now and 2013. There may be a new high school serving H.K.P.'s area, her family may move, she may no longer want to play basketball, or she may not make the basketball team. Simply put, unlike the plaintiffs in *McCormick* who were ready, willing, and able to play soccer, H.K.P. is not presently eligible to join the FCHS girls' basketball team. Because she is unable to satisfy the injury in fact portion of the standing analysis she lacks standing to litigate this suit. Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to H.K.P.

  **B.**  **Claims against the thirteen schools.**

The thirteen School Defendants other than Franklin County Community School Corporation also argue that they should be dismissed because they did not have any relationship

with J.L.P. except that they "had the misfortune to have played the Franklin County High School girls' basketball team during the 2008-09 school year." (School Defs.' Br. at 5).[3]

### 1. **Title IX claim**.

Title IX of the Education Amendments of 1972 states: "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a) (2006). Cases interpreting Title IX have found that by its express terms, "Title IX prohibits discrimination only by a 'program or activity' receiving federal funding." *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1018 (7th Cir. 1997), *cert. denied*, 524 U.S. 951 (1998). That is, only a Title IX grant recipient can be sued for sex discrimination. *Id*. As the *Smith* court emphasized, "the appropriate [Title IX] defendant is the 'program or activity' itself – in other words, the grant recipient." *Id*. at 1034. Thus, "it must be the 'program or activity' and the institution that operates it that discriminate." *Id*. In the instant case, Parker's Complaint alleges that all of the schools are recipients of federal funds under Title IX, and thus, the thirteen schools whose only relationship to Parker is that they played the FCHS girls' basketball team in the 2008-09 school year, are appropriate defendants in this litigation.

In order to survive a Rule 12(b)(6) motion to dismiss, Parker must allege facts sufficient to raise the right to relief above a speculative level. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Thus,

---

[3] Obviously Franklin County Community School Corporation cannot join in this portion of the motion to dismiss, as J.L.P. attends FCHS and thus undoubtedly has a relationship with the Franklin County Community School Corporation. Instead, this portion of the School Defendants' Motion to Dismiss avers that the other thirteen school corporations should be dismissed under Rule 12(b)(6).

Parker need only show that there is a plausible set of facts that support her claim that the thirteen schools' disparate scheduling of girls' and boys' basketball games is discriminatory and detrimentally impacts female athletes. This, of course, is a much more forgiving standard than Parker would face on a motion for summary judgment under Rule 56.

In *McCormick*, the Second Circuit held that scheduling girls' soccer in the spring, while boys' soccer was scheduled in the fall, violated Title IX because the scheduling practice deprived the girls of an opportunity to compete for a state championship. *McCormick*, 370 F.3d at 296. In reaching its conclusion, the Second Circuit considered the Department of Education's athletic regulations.

The athletic regulations lay out ten factors used to determine whether equal athletic opportunities are available to members of both sexes. Notably, the factors include an analysis of the "scheduling of games and practice time." Discrimination on the Basis of Sex in Education Programs or Activities Prohibited, Athletics, 34 C.F.R. § 106.41(c)(3) (2000). In analyzing this factor, the Department of Education considers "the time of day competitive events are scheduled." Title IX of the Education Amendments of 1972, A Policy Interpretation, Title IX and Intercollegiate Athletics, 44 Fed. Reg. 71,413 (1979).

In the instant case, Parker alleges that the schools "determine the schedules of girls' and boys' high school basketball programs, including the days of the week and the time of day the games are played." (Compl. ¶ 29). She also alleges that the preferred Friday and Saturday game times are "assigned by the defendants to the boys' high school basketball programs far more frequently than to the girls' high school basketball programs." (*Id*. ¶ 31). Finally, she avers that this practice "discriminate[s] against the girls who participate in the basketball programs" and

7

"has a substantial negative impact on female athletes." (*Id*. ¶¶ 34-35). All of the School Defendants' are recipients of Title IX funds, therefore, they are appropriate defendants to this suit. Because Parker has set forth a plausible set of facts that support her claim that all of the School Defendants' scheduling polices may have violated Title IX, the School Defendants' Motion to Dismiss is **DENIED**.

### 2. Equal Protection claim.

Parker's Complaint also asserts a violation of her constitutional right to equal protection brought pursuant to 42 U.S.C. § 1983 (2006).

> To state a *prima facie* claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that (1) [s]he is otherwise similarly situated to members of the unprotected class; (2) [s]he was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent.

*Greer v. Amesqua*, 212 F.3d 358, 370 (7th Cir. 2000) (citing *Johnson v. City of Fort Wayne*, 91 F.3d 922, 944-45 (7th Cir. 1996)).

However, in *Doe v. Smith*, 470 F.3d 331, 339 (7th Cir. 2006), the Seventh Circuit held that "there is no parallel right of action under section 1983 against a federally funded education program where Title IX provides a sufficient private right of action for the allegedly unlawful policy or practice." In the present case, Parker has a sufficient private right of action against the School Defendants under Title IX. She does not have a parallel right of action under section 1983. Accordingly, the School Defendants' Motion to Dismiss Parker's Fourteenth Amendment claim is **GRANTED**.

### C. Claims against the IHSAA

In its Motion to Dismiss, the IHSAA asserts that it should be dismissed because the IHSAA does not receive federal funding from Title IX. (IHSAA Br. at 2). The IHSAA also claims that it has neither excluded nor denied the Parkers' participation in an IHSAA program or activity; therefore, the Title IX and Equal Protection Claims should be dismissed under Rule 12(b)(6). (IHSAA Br. at 2).

### 1. Title IX claim.

In *Smith*, the Seventh Circuit emphasized that since Title IX "prohibits discrimination against beneficiaries in programs and activities that receive federal financial assistance, it is the educational institution that must be sued for violations of Title IX." *Smith,* 128 F.3d at 1019; *see also Johnnys Icehouse, Inc. v. Amateur Hockey Ass'n Ill., Inc.*, 134 F. Supp. 2d 965, 970 (N.D. Ill. 2001) (because an amateur hockey association "is not itself a recipient of federal financial assistance, there is no action that a federal agency could take to curb its alleged noncompliance" with Title IX, therefore, the hockey association was not a proper Title IX defendant).

Parker's Complaint does not make any allegation that the IHSAA is a recipient of federal financial assistance. Indeed, it is undisputed that the IHSAA is not a recipient of federal funding. Thus, pursuant to *Smith*, the IHSAA is not a proper Title IX defendant. Accordingly, the IHSAA's Motion to Dismiss is **GRANTED** with respect to Paker's Title IX claim.

### 2. Fourteenth Amendment claim.

The IHSAA does not dispute that it is a state actor for purposes of the Fourteenth Amendment. *See Ind. High Sch. Athletic Ass'n, Inc. v. Carlberg*, 694 N.E.2d 222, 229 (Ind. 1997) ("It is clearly established that decisions of the IHSAA with respect to student-athletes constitute 'state action.'"). Assuming that the IHSAA is indeed a state actor, in order to state a

prima facie case under the Equal Protection Clause of the Fourteenth Amendment Parker "must demonstrate that (1) [s]he is otherwise similarly situated to members of the unprotected class; (2) [s]he was treated differently from members of the unprotected class; and (3) the defendant acted with discriminatory intent." *Greer*, 212 F.3d at 370 (citing *Johnson*, 91 F.3d at 944-45); *see also Washington v. Davis*, 426 U.S. 229 (1976) (where a rules treats males and females identically on its face but has a disparate effect on the sexes, a plaintiff must show that the body adopting the law did so with discriminatory intent).

Here, Parker claims that, along with the schools, the "IHSAA determine[s] the schedules for girls' and boys' high school basketball programs." (Compl. ¶ 29). The IHSAA vigorously disputes this allegation in its motion to dismiss, attaches the IHSAA Rules,[4] and claims that "the IHSAA Rules simply do not address when [a] member school may schedule their basketball contests for boys or for girls." (IHSAA Br. at 13). However, as this is the Defendant's Motion to Dismiss, the Court must take the facts alleged in the complaint as true and draw all reasonable inference in favor of the plaintiff. To survive this Motion to Dismiss, Parker need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Pisciotta*, 449 F.3d at 633 (citation omitted). Parker's factual allegations must only "raise a right to relief above the speculative level." *Id.* Furthermore, as this is a Rule 12(b)(6) Motion to Dismiss, the Court cannot resolve the parties' factual dispute regarding the scheduling of basketball games.

---

[4] Although the IHSAA brought a Rule 12(b)(6) Motion to Dismiss, the attachment of the IHSAA Rules to the Motion to Dismiss does not necessarily convert the Motion to Dismiss into a Motion for Summary Judgment. "Documents referred to in, but not attached to, a plaintiff's complaint that are central to its claim may be considered in ruling on a Rule 12(b)(6) motion if they are attached to the defendant's motion to dismiss." *Duferco Steel v. M/V Kalisti,* 121 F.3d 321, 324 n.3 (7th Cir. 1997). Furthermore, Parker never objects to the IHSAA's attachment of other documents to its Motion to Dismiss.

Because there is a plausible set of facts that supports Parker's claim, the IHSAA's Motion to Dismiss is **DENIED** with respect to Parker's Fourteenth Amendment Claim.

## **CONCLUSION**

For the reasons stated herein, the School Defendants' Motion to Dismiss (Docket No. 10) is **GRANTED IN PART AND DENIED IN PART**.  The IHSAA's Motion to Dismiss (Docket No. 18) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED: 12/02/2009

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Robert M. Baker III
rbaker@rbakerlaw.net

William R. Groth
Fillenwarth Dennerline Groth & Towe LLP
wgroth@fdgtlaborlaw.com

Mark W. Sniderman
Safrin Caplin Sniderman
mark@snidermanlaw.com

Thomas E. Wheeler II
Frost Brown Todd LLC
twheeler@fbtlaw.com