UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMBER PARKER, on behalf of her minor daughter J.L.P., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>INDIANA HIGH SCHOOL ATHLETIC )<br>ASSOCIATION, et al., )<br>)<br>Defendants. ) | Cause No. 1:09-cv-885-WTL-JMS |

### ENTRY ON MOTIONS TO RECONSIDER

Before the Court are two motions to reconsider, one filed by the School Defendants'[1] (Docket No. 63) and one filed by the Plaintiff (Docket No. 65). The motions are fully briefed, and the Court, being duly advised, **GRANTS** both motions for the reasons set forth below. Having reconsidered its previous ruling on the Defendants' motions to dismiss, the Court again **GRANTS IN PART AND DENIES IN PART** each motion.

### I. BACKGROUND

Amber Parker coached the Franklin County High School ("FCHS") girls' basketball team from 2007-09. Parker's sixteen year old daughter, J.L.P., currently plays on the FCHS team.

---

[1] The School Defendants are: Franklin County Community School Corporation, South Dearborn Community School Corporation, Decatur County Community Schools, Switzerland County School Corporation, Fayette County School Corporation, Lawrenceburg School Community Corporation, Greensburg Community Schools Corporation, Sunman-Dearborn Community School Corporation, Richmond Community Schools Corporation, Batesville Community School Corporation, Jennings County School Corporation, Rush County Schools Corporation, Union County School Corporation d/b/a Union County College Corner Joint School District, and Munice Community Schools Corporation.

1

Parker brings this suit on J.L.P.'s behalf, alleging that the School Defendants and the Indiana High School Athletic Association ("IHSAA") violated both Title IX of the Education Amendments of 1972 and the Fourteenth Amendment of the United States Constitution by scheduling girls' basketball games on non-preferred dates and times. Specifically, Parker claims that the Defendants assigned boys' basketball teams to play on Friday and Saturday evenings more frequently than the Defendants assigned girls' basketball teams to play at those preferred times. The IHSAA, which regulates and supervises interscholastic athletic competitions amongst its member schools, became aware of this discriminatory scheduling practice in 1997 but did nothing to ameliorate the situation.

On December 2, 2009, this Court ruled on two motions to dismiss filed by the Defendants. After first finding that Parker's Complaint was not properly brought as a class action, the Court determined that Parker's younger daughter, H.K.P., lacked standing to litigate the instant suit. Accordingly, any claims brought on behalf of H.K.P. were dismissed. Next, the Court turned to the Title IX and § 1983 claims brought against the School Defendants. The Court ruled that the School Defendants could be sued under Title IX. However, the Court determined that the Plaintiff could not sue the School Defendants under § 1983. Both the Plaintiff and the School Defendants seek reconsideration of the § 1983 portion of the Court's ruling.

In addition, the School Defendants ask the Court to "reconsider that portion of its Entry relating to the Title IX claims presented against the non-Franklin School Defendants." Defs.' Motion at 3. If the Court is unwilling to reconsider its Entry on the Title IX claims, the School Defendants request that the Court permit an interlocutory appeal of this portion of its decision.

Similarly, Parker asks the Court to reconsider the portion of its ruling that dismissed the Plaintiff's Title IX claim against the IHSAA. If the Court declines to do so, and if the Court certifies the School Defendants' interlocutory appeal, then the Plaintiff asks the Court to permit an interlocutory appeal of this portion of its decision.

## II. DISCUSSION

Turning first to the § 1983 issue, the parties agree that reconsideration is appropriate because the Court relied on *Doe v. Smith*, 470 F.3d 331, 339 (7th Cir. 2006), for the proposition that "there is no parallel right of action under section 1983 against a federally funded education program where Title IX provides a sufficient private right of action for the allegedly unlawful policy or practice." The United States Supreme Court's 2009 decision, *Fitzgerald v. Barnstable School Committee*, 129 S.Ct 788 (2009), contravenes *Doe*. *Fitzgerald* states that "parallel and concurrent § 1983 [and Title IX] claims will neither circumvent required procedures, nor allow access to new remedies." *Id*. at 796. The Court explained that unlike other federal statutes, the remedies provided by Title IX, "withdrawal of federal funds and an implied cause of action – stand in stark contrast to the 'unusually elaborate,' 'carefully tailored,' and 'restrictive' enforcement schemes" of other statutes. *Id.* at 795. Accordingly, the Court concluded: "Congress did not intend Title IX to preclude § 1983 constitutional suits." *Id*. at 796. Given this ruling, reconsideration of the Court's § 1983 decision is appropriate.

The School Defendants claim that, at its core, the Plaintiff's § 1983 claim fails against the non-Franklin County School Defendants[2] because these schools "did absolutely nothing to

---

[2] Franklin County Community School Corporation could not join in the School Defendants' § 1983 argument because J.L.P. attends FCHS and thus undoubtedly has a relationship with the Franklin County Community School Corporation.

[the Plaintiff]." School Defs. Motion to Dismiss at 6. Accordingly, the School Defendants claim that "[t]here is simply no basis for [the Plaintiff] to sue the non-Franklin County Defendants at all." *Id*. at 7.

In response, Parker emphasizes that this is a motion to dismiss under Rule 12(b)(6). Accordingly, the Court must take the facts alleged in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. Under Rule 12(b)(6), the Plaintiff's Complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The Plaintiff's Complaint alleges that all of the School Defendants "sponsor and administer high school amateur athletic programs, including girls' and boys' high school basketball teams and competitions." Complaint ¶ 26. The School Defendants work with the IHSAA to "determine the schedules for girls' and boys' high school basketball programs, including the days of the week and the time of day the games are played." *Id*. ¶ 29. Preferred Friday and Saturday night games are "assigned by the [School Defendants and the IHSAA] to the boys' high school basketball programs far more frequently than to the girls' high school basketball programs." *Id.* ¶ 31.

Although the School Defendants claim that these facts do not satisfy the Plaintiff's pleading obligations under *Twombly*, the Court disagrees. There is a plausible set of facts that

4

support the Plaintiff's § 1983 claim against the non-Franklin County School Defendants. Accordingly, the School Defendants' motion to dismiss the Plaintiff's § 1983 claim is **DENIED**.

As to the Title IX claims against them, the thirteen non-Franklin County School Defendants argue that the "Court's decision broadly expand[s] Title IX" and "runs afoul of the Supreme Court's various decisions noting the relatively limited scope of Title IX." School Defs.' Motion to Reconsider ¶ 9. Specifically, the School Defendants take issue with the portion of the Court's December 2, Entry which states:

> [T]he School Defendants' are recipients of Title IX funds, therefore, they are appropriate defendants to this suit. Because Parker has set forth a plausible set of facts that support her claim that all of the School Defendants' scheduling polices may have violated Title IX, the School Defendants' Motion to Dismiss is **DENIED**.

Entry on Motion to Dismiss at 8.

According to the School Defendants, the Court "ignores the second step in the analysis, which is to determine whether the putative plaintiffs are 'beneficiaries' of each individual school's programs and activities." School Defs.' Motion to Reconsider ¶ 8. There are two problems with this argument.

First, the Seventh Circuit case that the School Defendants cite in support of their position, *Smith v. Metropolitan School District of Perry Township*, 128 F.3d 1014 (7th Cir. 1999), does not, in fact, support their argument.[3]  *Smith* was a case about teacher-on-student sexual

---

[3] The School Defendants also submitted supplemental authority that purportedly supports their argument. The Court reviewed the cited case, *Jane Doe-2 v. McLean County Unit Directors No. 5 Board of Directors*, No. 09-1936 (7th Cir. Jan. 22, 2010). It, like *Smith*, does nothing to bolster the School Defendants' argument.

In *Doe-2*, the McLean County School District ("McLean") entered into a severance agreement with Jon White, a male teacher who sexually abused several of his female students. McLean allegedly "passed" White off to the Urbana School District ("Urbana") where he

harassment. The issue in *Smith* was whether the principal and assistant principal of the school where the harassment occurred were proper Title IX defendants. The language that the School Defendants cite in support of their argument that Title IX contains a beneficiary requirement was actually cited by the Seventh Circuit for the proposition that "only a [Title IX] grant recipient can violate Title IX." *Id*. at 1018. Although the School Defendants claim that *Doe v. Petaluma City School District*, 830 F. Supp. 1560, 1576 (N.D. Cal. 1993), which was cited in *Smith*, supports their position, the Court disagrees. *Doe*, like *Smith*, involved sexual harassment (this time student-on-student). And, as in *Smith*, the *Doe* court was attempting to determine whether individuals are proper Title IX defendants. The *Doe* court did use "beneficiary" language; however, this language is not found anywhere in Title IX. Instead, it is drawn from Justice Powell's dissenting opinion in *North Haven Board of Education v. Bell*, 456 U.S. 512, 545 (1982) (Powell, J., dissenting).

      This brings the Court to the bigger problem with the School Defendants' argument – the School Defendants' position completely ignores the plain language of Title IX. The statute provides, with several exceptions not relevant here, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected

---

continued to molest his students. One of White's Urbana victims sued McLean under Title IX, alleging that McClean's concealment of White's conduct constituted deliberate indifference. The Seventh Circuit held that Doe's Title IX suit was properly dismissed because McLean "lacked the requisite control over White's harassment of Doe-2 in Urbana." *Doe-2*, slip op. at 7. The Seventh Circuit opined that "[p]erhaps expanding Title IX's implied right of action to include a school district's failure to expose a teacher-harasser no longer within its control would have a positive effect." *Id.* at 9. However, the court was constrained by the Supreme Court's requirement that "the known acts of sexual harassment be subject to the school district's control." *Id*. at 9. In short, *Doe-2* is simply not analogous to the instant case. The Seventh Circuit's ruling in *Doe-2* does not alter the Court's conclusion in the instant case.

to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). The statutory language is clear, unambiguous, and is never limited to "beneficiaries" of programs or activities. Given the plain language of the statute, "'the sole function of the courts is to enforce [the statute] according to its terms.'" *Pittway Corp. v. United States*, 102 F.3d 932, 934 (7th Cir. 1996) (quoting *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989)). Because Title IX is not limited to "beneficiaries," the Court finds the School Defendants' arguments unavailing. Having reconsidered its prior ruling, the Court remains convinced that the non-Franklin County School Defendants' motion to dismiss the Plaintiff's Title IX claims was properly denied. Further, the Court does not believe that an interlocutory appeal is appropriate at this juncture; therefore, the School Defendants' request for interlocutory appeal is **DENIED**.

The Plaintiff also requested that the Court reconsider its decision about whether the IHSAA was a proper Title IX defendant. In its original ruling, the Court relied on *Smith*, which stated that "Title IX only protects against discrimination under any education program or activity receiving *federal financial assistance*." *Smith*, 128 F.3d at 1019 (emphasis added). The Plaintiff takes issue with the Court's analysis, claiming that "the IHSAA, if it escapes the implementing regulations' definition of a recipient of federal financial assistance, may nonetheless be held liable under Title IX if it was ceded 'controlling authority' by the School Defendants." Pl. Motion to Reconsider ¶ 15.

The Plaintiff acknowledges that "[l]ower courts have split on whether and when this [controlling authority] theory is availing." *Id*. Indeed, the Supreme Court declined to comment on the validity of the controlling authority theory in *NCAA v. Smith*, 525 U.S. 459, 469-70

7

(1999). Although the Seventh Circuit has not expressly weighed in on the controlling authority theory, the dicta from *Smith* indicates that the court would not be receptive to this argument. Further, in *Johnny's Icehouse, Inc. v. Amateur Hockey Association of Illinois, Inc.*, 134 F. Supp. 2d 965, 971 (N.D. Ill. 2001), the Northern District of Illinois declined to apply the controlling authority theory, and instead dismissed the athletic association defendant. The *Johnny's Icehouse* court noted that other courts, specifically the District Court for the Eastern District of Pennsylvania and the District Court for the Western District of Michigan, had accepted the controlling authority theory as grounds for imposing Title IX liability. That may be so, but the Plaintiff has not identified any case from a court in this circuit holding that the controlling authority theory is valid. While there is certainly room for disagreement on this issue, having reconsidered its ruling, the Court remains convinced that the Plaintiff's Title IX claim against the IHSAA were properly dismissed.[4]

## **CONCLUSION**

For the foregoing reasons, the School Defendants' Motion to Reconsider (Docket No. 63) and the Plaintiff's Motion to Reconsider (Docket No. 65), are **GRANTED**. Having reconsidered its previous ruling on the Defendants' motions to dismiss, the Court again **GRANTS IN PART AND DENIES IN PART** each motion. Specifically, the Court reaches the same conclusion

---

[4] The Court notes that the Plaintiff made a conditional request for interlocutory appeal of the Title IX controlling authority issue, requesting interlocutory appeal "if the Court does permit the non-Franklin School Defendants to undertake an interlocutory appeal, and if the Court elects not to reconsider the Title IX claim brought against the IHSAA." Pl. Motion for Reconsideration ¶ 18. Because the Court has denied the School Defendants' motion for interlocutory appeal, the condition precedent to the Plaintiff's request for interlocutory appeal has not been met. Thus, to the extent the Plaintiff requested an interlocutory appeal, this request is **DENIED**.

with regard to the IHSAA motion to dismiss.  With regard to the School Defendants' motion to dismiss, the Court reaches the same conclusion, with one exception – the Court now finds that the Plaintiff may proceed with her § 1983 claim against the School Defendants.  The parties' requests for interlocutory appeal of the Title IX issues are **DENIED**.

   SO ORDERED: 03/11/2010

                   Hon. William T. Lawrence, Judge
                   United States District Court
                   Southern District of Indiana

Copies to:

Robert M. Baker III
rbaker@rbakerlaw.net

William R. Groth
Fillenwarth Dennerline Groth & Towe LLP
wgroth@fdgtlaborlaw.com

Mark W. Sniderman
Safrin Caplin Sniderman
mark@snidermanlaw.com

Thomas E. Wheeler II
Frost Brown Todd LLC
twheeler@fbtlaw.com